UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIGI GIROTTO,

                          Plaintiff,

                -v.-

LXC INC. and 162 WEST REALTY LLC,

                          Defendants.

19 Civ. 2858 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge[1]:

      Plaintiff Luigi Girotto brings this action against Defendants LXC Inc.
and 162 West Realty LLC, alleging violations of Title III of the Americans
with Disabilities Act, 42 U.S.C. §§ 12181-12189 (the "ADA"); the New York
State Human Rights Law, N.Y. Exec. Law §§ 290-297 (the "NYSHRL"); and
the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 8-
131 (the "NYCHRL").  Plaintiff specifically alleges that he was denied full and
equal access to, and full and equal enjoyment of, facilities at Defendants'
property (the "Property") due to various architectural barriers.

      Defendant LXC Inc. ("Defendant") has moved to dismiss Plaintiff's
Amended Complaint for lack of standing and failure to state a claim,
pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).
Defendant primarily argues that: (i) Plaintiff lacks standing because he has
failed to allege sufficiently any prior visit to the Property or any intention to
return to the Property; and (ii) Plaintiff's allegations do not pass muster due

---

[1]      Megan Qianyou Liu, a rising second-year student at Columbia Law School and an
intern in my Chambers, provided substantial assistance in researching and drafting
this Opinion.

to, *inter alia*, various factual inaccuracies.  For the reasons set forth in the remainder of this Opinion, Defendant's motion is denied.

## BACKGROUND[2]

### A.   Factual Background

Plaintiff is an individual who lives in New York and suffers from a disability that requires him to use a wheelchair for mobility.  (Am. Compl. ¶ 4).  Defendant is a New York corporation that leases and operates the Property, which is located at 162 West 4th Street, New York, New York.  (*Id.* at ¶ 5).  Defendant does business under the name of Poke Rice.  (*Id.*).

Plaintiff alleges that on or about March 21, 2019, he attempted to visit the Property with the intention of using its facilities.  (Am. Compl. ¶ 14).  However, due to various architectural barriers, Plaintiff was unable to make

---

[2]     The facts in this Opinion are drawn from Plaintiff's Amended Complaint ("Am. Compl." (Dkt. #36)), which is the operative pleading in this action.  The Court also considers the Declaration of Liguang Cao ("Cao Decl." (Dkt. #41-1)) and the Declaration of Luigi Girotto ("Girotto Decl." (Dkt. #43-1)), insofar as those declarations address the issue of whether Plaintiff has adequately pleaded standing.  Otherwise, the Court rejects the parties' invitations to consider various extrinsic evidence.  (Dkt. #41, 44-46).  A court adjudicating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "may review only a narrow universe of materials."  *Goel* v. *Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).  This narrow universe includes "facts stated on the face of the complaint, ... documents appended to the complaint or incorporated in the complaint by reference, and ... matters of which judicial notice may be taken," as well as documents that can properly be considered "integral" to the complaint.  *Id.*  The exhibits the parties have attached were not included in the Amended Complaint, nor were they incorporated by reference into the Amended Complaint.  Nor may the Court take judicial notice of any of the exhibits, with the possible exception of the Property Profile Overview that Defendant has attached as Exhibit B to the Declaration of David Yan.  *See* Fed. R. Evid. 201(b) (noting that a Court may only take judicial notice of facts that are "not subject to reasonable dispute").  Finally, none of the exhibits may be properly considered as "integral" to the Amended Complaint, as Plaintiff cannot be said to have relied heavily upon the exhibits' terms and effects in making his Amended Complaint.  *See Goel*, 820 F.3d at 559.  Therefore, it would be improper for the Court to consider these additional materials in its consideration of Defendant's Rule 12(b)(6) motion.

For ease of reference, the Court refers to Defendant's Motion to Dismiss as "Def. Br." (Dkt. #42); to Plaintiff's opposing brief as "Pl. Opp." (Dkt. #43); and to Defendant's reply brief as "Def. Reply" (Dkt. #47).

use of the facilities at the Property.  (*Id.* at ¶¶ 14, 16).  These architectural barriers include: (i) an inaccessible entrance due to the presence of a step and the absence of an ADA-compliant ramp; (ii) an inaccessible means of egress from the Property; (iii) a front dining counter that is higher than 34 inches above the finish floor; (iv) a food ordering counter that is higher than 36 inches above the finish floor; and (v) the placement of certain refrigerated merchandise beyond accessible reach.  (*Id.* at ¶ 16).  Plaintiff further alleges that there are other violations of the ADA at the Property, and that "only once a full inspection is done can all [] violations be identified."  (*Id.* at ¶ 17).  Plaintiff alleges that he plans to "promptly visit [the Property] in the future once it is made accessible and ADA compliant."  (*Id.* at ¶ 14).

## B.    Procedural Background

Plaintiff initiated this action with the filing of a complaint on March 29, 2019.  (Dkt. #1).  On May 13, 2019, the Court scheduled an initial pretrial conference for July 11, 2019.  (Dkt. #9).  However, on request from the non-moving defendant in this case, 162 West Realty LLC, the Court adjourned the initial pretrial conference to August 8, 2019.  (Dkt. #15).  On July 22, 2019, 162 West Realty LLC filed an Answer to Plaintiff's complaint. (Dkt. #17).  On August 1, 2019, 162 West Realty LLC again requested an adjournment of the initial pretrial conference, citing the fact that Defendant had not yet appeared and was a necessary party to the action.  (Dkt. #18). In response, the Court adjourned the conference to September 19, 2019. (Dkt. #19).  On September 10, 2019, 162 West Realty LLC requested a further adjournment of the initial pretrial conference, for substantially the same reasons as before.  (Dkt. #20).  The Court adjourned the conference to

October 24, 2019, but ordered that if Defendant did not appear and file an answer before September 26, 2019, Plaintiff would proceed with a default judgment application. (Dkt. #21). On September 17, 2019, Plaintiff requested a final adjournment of the initial pretrial conference due to the fact that counsel would be out of the country on the scheduled date. (Dkt. #22). The Court adjourned the conference to November 7, 2019. (Dkt. #23).

On September 24, 2019, counsel for Defendant filed a notice of appearance and requested additional time to file a responsive pleading. (Dkt. #24-25). The Court granted Defendant's request and gave Defendant until October 17, 2019, to file its responsive pleading. (Dkt. #26). On October 17, 2019, Defendant wrote to the Court seeking a pre-motion conference to discuss an anticipated motion to dismiss. (Dkt. #28). On October 22, 2019, 162 West Realty LLC indicated its intent to join in Defendant's anticipated motion (Dkt. #29), and Plaintiff responded to Defendant's letter on October 28, 2019 (Dkt. #30). Given the parties' stated intentions, the Court converted the scheduled initial pretrial conference to a pre-motion conference. (Dkt. #32). On November 7, 2019, the parties appeared before the Court for the pre-motion conference. (Minute Entry for November 7, 2019). At the conference, the Court granted Plaintiff leave to file an amended complaint and scheduled deadlines for either Defendant's answer or briefing for Defendant's motion to dismiss. (*Id.*).

On November 26, 2019, Plaintiff filed his Amended Complaint, which is the operative pleading in this action. (Dkt. #36). On January 6, 2020, 162 West Realty LLC filed an Answer to the Amended Complaint and asserted a cross-claim against Defendant. (Dkt. #38). On January 13,

4

2020, Defendant filed its motion to dismiss the Amended Complaint, along with an accompanying declaration, and on January 14, 2020, Defendant filed its memorandum of law in support of its motion to dismiss. (Dkt. #40-42).[3]  Plaintiff filed his opposition brief on February 11, 2020, and filed a series of exhibits on February 12, 2020. (Dkt. #43-46).  On March 3, 2020, Defendant filed its reply brief (Dkt. #47), rendering Defendant's motion ripe for adjudication.

## DISCUSSION

### A.   The Court Denies Plaintiff's Motion to Dismiss for Lack of Standing

#### 1.   Motions to Dismiss Under Fed. R. Civ. P. 12(b)(1)

Although Plaintiff styles his motion as one brought under Rule 12(b)(6), challenges to a party's standing to sue are more properly analyzed under Rule 12(b)(1), since they implicate the Court's subject matter jurisdiction.  *See Platinum-Montaur Life Scis. LLC* v. *Navidea Biopharmaceuticals, Inc.*, No. 17 Civ. 9591 (VEC), 2018 WL 5650006, at *2 (S.D.N.Y. Oct. 31, 2018) (citing *All. For Envtl. Renewal, Inc.* v. *Pyramid Crossgates Co.*, 436 F.3d 82, 89 n.6 (2d Cir. 2006)), *vacated and remanded on other grounds*, 943 F.3d 613 (2d Cir. 2019).  Under Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory

---

[3]     Plaintiff argues that the Court should deny Defendant's motion because Defendant's memorandum of law was filed one day late.  The Court perceives no prejudice to Plaintiff due to this minor filing delay and will not reject Defendant's motion solely on this technical basis.

or constitutional power to adjudicate it." *Lyons* v. *Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016) (quoting *Makarova* v. *United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

The Second Circuit has drawn a distinction between two types of Rule 12(b)(1) motions challenging subject matter jurisdiction: facial motions and fact-based motions. *Carter* v. *HealthPort Technologies, LLC*, 822 F.3d 47, 56-57 (2d Cir. 2016); *see also Katz* v. *Donna Karan Co., L.L.C.*, 872 F.3d 114 (2d Cir. 2017). A facial Rule 12(b)(1) motion is one "based solely on the allegations of the complaint or the complaint and exhibits attached to it." *Carter*, 822 F.3d at 56. A plaintiff opposing such a motion bears "no evidentiary burden." *Id.* Instead, to resolve a facial Rule 12(b)(1) motion, a district court must "determine whether [the complaint and its exhibits] allege[ ] facts that" establish subject matter jurisdiction. *Id.* (quoting *Amidax Trading Grp.* v. *S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam)). And to make that determination, a court must accept the complaint's allegations as true "and draw[ ] all reasonable inferences in favor of the plaintiff." *Id.* at 57 (internal quotation marks and citation omitted).

"Alternatively, a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the complaint and its exhibits." *Id.* "In opposition to such a motion, [plaintiffs] must come forward with evidence of their own to controvert that presented by the defendant, or may instead rely on the allegations in the[ir p]leading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." *Katz*, 872 F.3d at 119 (internal citations and quotations

6

omitted).  If a defendant supports his fact-based Rule 12(b)(1) motion with "material and controverted" "extrinsic evidence," a "district court will need to make findings of fact in aid of its decision as to subject matter jurisdiction." *Carter*, 822 F.3d at 57.

## 2.    Standing Generally and in ADA Actions

Article III of the Constitution limits federal courts' jurisdiction to "cases" and "controversies."  U.S. Const., Art. III, § 2.  "The doctrine of standing gives meaning to these constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.'" *Susan B. Anthony List* v. *Driehaus*, 573 U.S. 149, 156 (2014) (quoting *Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 560 (1997)).  The Supreme Court has "established that the 'irreducible constitutional minimum' of standing consists of three elements."  *Spokeo, Inc.* v. *Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan*, 504 U.S. at 560).  "The plaintiff must have [i] suffered an injury in fact, [ii] that is fairly traceable to the challenged conduct of the defendant, and [iii] that is likely to be redressed by a favorable judicial decision."  *Id.*  Where, as here, a plaintiff seeks injunctive relief, he "must also prove that the identified injury in fact presents a 'real and immediate threat of future injury[,]' often termed a 'likelihood of future harm.'" *Bernstein* v. *City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) (summary order) (quoting *Shain* v. *Ellison*, 356 F.3d 211, 215-16 (2d Cir. 2004)).

"In reviewing standing under the ADA, 'a broad view of constitutional standing' is appropriate because 'private enforcement suits are the primary method of obtaining compliance with the Act.'"  *Feltzin* v. *Clocktower Plaza Props., Ltd.*, No. 16 Civ. 4329 (DRH) (AYS), 2018 WL 1221153, at *3

(E.D.N.Y. Mar. 8, 2018) (quoting *Rosa* v. *600 Broadway Partners, LLC*, 175 F. Supp. 3d 191, 199 (S.D.N.Y. 2016)). In actions brought under the ADA, the Second Circuit has "found standing (and therefore injury in fact)," *Kreisler* v. *Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013), where a plaintiff "[i] alleges past injury under the ADA, [ii] shows that it is reasonable to infer from his or her complaint that the discriminatory treatment will continue, and [iii] shows that it is reasonable to infer that he or she 'intend[s] to return to [the public accommodation].'" *Harty* v. *Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 155 (2d Cir. 2013) (summary order) (alterations in *Harty*) (quoting *Kreisler*, 731 F.3d at 187-88).

### 3. Plaintiff Has Adequately Alleged Standing

Defendant advances two primary arguments for why Plaintiff lacks standing: (i) Plaintiff's allegation that he attempted to visit the Property on March 21, 2019, is "purely a fabrication," and (ii) Plaintiff has failed to allege an intent to return to the Property in the future. (Def. Br. 4-5).[4] Neither reason proves persuasive. *First*, Defendant's argument that Plaintiff never visited the Property is unsupported and cannot be properly credited at this stage in the litigation. Plaintiff has plausibly alleged that he attempted to

---

[4] In its reply, Defendant also argues that Plaintiff's claim to standing is weakened due to the fact that Plaintiff has allegedly filed multiple ADA lawsuits against other businesses. (Def. Reply 1-2). Of course, "[i]t is well-established that 'arguments may not be made for the first time in a reply brief.'" *Zirogiannis* v. *Seterus, Inc.*, 221 F. Supp. 3d 292, 298 (E.D.N.Y. 2016) (internal brackets omitted) (quoting *Knipe* v. *Skinner*, 999 F.2d 708, 711 (2d Cir. 1993)). Moreover, Defendant has offered no authority to which the Court can look for the proposition that Plaintiff lacks standing in the instant action because he has brought other lawsuits in the past. Indeed, although it is not directly analogous to the current situation, the Second Circuit has included a plaintiff's "status as a tester as a fact in its intent to return analysis." *See Harty* v. *Simon Prop. Grp., L.P.*, 428 F. App'x 69, 71 (2d Cir. 2011) (summary order). Therefore, even if it were appropriate for the Court to consider this improperly raised argument, the Court would not find it persuasive.

visit the property on or about March 21, 2019.  (Am. Compl. ¶ 14).
Moreover, the only controverting evidence to which Defendant can point is
statements from Liguang Cao, Defendant's president, averring that neither
he nor any of his employees can recall Plaintiff coming to the Property.  (Cao
Decl. ¶ 6).  This statement does not meaningfully contradict Plaintiff's
allegation, and is therefore insufficient either to require Plaintiff to come
forward with additional evidence or to undermine Plaintiff's allegation.  *See
Katz*, 872 F.3d at 119.

Second, Plaintiff's allegations and averments, when taken together, are
sufficient to support an inference that he intends to return to the Property
in the future.  "Intent to return is a highly fact-sensitive inquiry that
incorporates a range of factors[,] including not only the proximity of the
defendant's services ... to the plaintiff's home and the frequency of the
plaintiff's past visits, but also other factors relevant ... such as occupation
or demonstrated travel habits."  *Feltzin*, 2018 WL 1221153, at *5 (quoting
*Bernstein*, 621 F. App'x at 59).

In the Amended Complaint, Plaintiff has alleged that he "shall
promptly visit [the Property] in the future once it is made accessible" (Am.
Compl. ¶ 14), thus avowing a "present intention to return" that relies solely
"upon his own volition," as opposed to relying upon events that are
speculative and beyond his control, *Harty* v. *Simon Prop. Grp., L.P.*, 428 F.
App'x 69, 71 (2d Cir. 2011) (summary order).  Moreover, Plaintiff has averred
that his place of employment is located only 1.8 miles away from the
Property and that he has traveled into Manhattan approximately three times
per week for the past twelve years.  (Girotto Decl. ¶¶ 14-15).  These

9

allegations and averments are more than enough to show standing.  *See Harty*, 428 F. App'x at 71-72 (holding that plaintiff adequately showed intent to return to property at issue where he alleged and averred that he traveled near the area frequently both for work and to visit friends and family). Insofar as Defendant believes the Second Circuit's decision in *Kreisler* sets a floor for what is required to show intent to return (Def. Br. 4), Defendant is incorrect.[5]  Accordingly, Plaintiff has adequately pleaded standing, and Defendant's motion to dismiss under Rule 12(b)(1) is denied.[6]

## B.   The Court Denies Defendant's Motion to Dismiss for Failure to State a Claim

### 1.   Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must "draw all reasonable inferences in Plaintiff's favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief."  *Faber* v. *Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted); *see also Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

---

[5]    Specifically, Defendant argues that Plaintiff cannot show standing because the plaintiff in *Kreisler* v. *Second Avenue Diner Corp.*, 731 F.3d 184, 188 (2d Cir. 2013), lived within a few blocks of the property at issue in that case, whereas here Plaintiff supposedly lives outside of New York City.  (Def. Br. 4).  This trifling factual distinction does not undercut the otherwise clear Second Circuit precedent supporting standing here.

[6]    Although it is unclear, Defendant's briefing seems to suggest the argument that the standing analysis for Plaintiff's NYSHRL and NYCHRL claims should differ in some way from the standing analysis for Plaintiff's federal claims.  (Def. Br. 8).  However, as sister courts in this District have observed, "New York State and City claims are governed by the same standing requirements as the ADA."  *See, e.g., Mendez* v. *Apple Inc.*, No. 18 Civ. 7550 (LAP), 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019).  Accordingly, this argument, if it was indeed put forth, fails.

(internal quotation marks omitted)).  A plaintiff is entitled to relief if he alleges "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007); *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) ("While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to nudge plaintiff's claims across the line from conceivable to plausible." (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 570)).

That said, a court is not bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions."  *Rolon* v. *Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (internal quotation marks omitted); *see also Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678)).  Moreover, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### 2.   Plaintiff Has Adequately Alleged Claims Under the ADA, the NYSHRL, and the NYCHRL

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."  42 U.S.C.

§ 12182(a). Discrimination is defined as, *inter alia*, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently … because of the absence of auxiliary aids and services," as well as "a failure to remove architectural barriers … in existing facilities … where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iii)-(iv). To state a claim under Title III, a plaintiff must establish that: (i) he is disabled within the meaning of the ADA; (ii) defendant owns, leases, or operates a place of public accommodation; and (iii) defendant discriminated against him by denying him a full and equal opportunity to enjoy the services defendant provides. *Camarillo* v. *Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008).

Defendant largely attempts to support its motion to dismiss by challenging the truth of Plaintiff's allegations. For instance, in response to Plaintiff's allegation that the Property lacks "an ADA compliant accessible entrance" due to the lack of "an ADA compliant ramp" (Am. Compl. ¶ 16), Defendant proffers evidence that it has a folding ramp and a handicap assistance sign that Plaintiff could have made use of (Def. Br. 6). Similarly, in response to Plaintiff's allegation that the front dining counter is higher than 34 inches from the finish floor, and therefore not in compliance with ADA requirements (Am. Compl. ¶ 16), Defendant simply disputes that fact and again seeks to introduce controverting evidence (Def. Br. 7). As the Court has already made clear, it cannot and will not consider extrinsic evidence regarding the veracity of Plaintiff's allegations at this stage of the litigation. To do so would convert the present motion to dismiss into one for summary judgment, and this is not a step the Court wishes to take. Given

12

the Court's inability to consider Defendant's extrinsic evidence and its obligation on a Rule 12(b)(6) motion to "assume all well-pleaded factual allegations to be true," *Faber*, 648 F.3d at 104, Defendant's factual disputations cannot defeat the Amended Complaint.

Defendant does, however, make one legal argument:  Defendant argues that in order for the Amended Complaint to survive, Plaintiff "must make a *prima facie* showing that removal of the architectur[al] barrier[s] is readily achievable." (Def. Br. 5).  Defendant is correct that, assuming the Property has not undergone alterations, Plaintiff will eventually need to show that the removal of the alleged architectural barriers would be readily achievable if he wishes to succeed on his claims.  *See Roberts* v. *Royal Atl. Corp.*, 542 F.3d 363, 373 (2d Cir. 2008); *Rosa* v. *600 Broadway Partners, LLC*, 175 F. Supp. 3d 191, 207 (S.D.N.Y. 2016).

However, there is no authority supporting the proposition that a plaintiff must satisfy this burden at the pleading stage.  Defendant cites to the district court's decision in *Kreisler* v. *Second Avenue Diner Corp.*, No. 10 Civ. 7592 (RJS), 2012 WL 3961304 (S.D.N.Y. Sept. 11, 2012), and to the Second Circuit's decision in *Roberts* (Def. Br. 5-6), but neither case supports such a pleading requirement.  The former is a bench trial opinion and therefore lays out the parties' respective burdens at trial, while the latter is similarly an appeal from a bench trial judgment.  Neither case comes close to requiring that a plaintiff establish that removal of architectural barriers is readily achievable before any discovery has taken place.  Given that there is no statute or authority supporting the imposition of such a burden on Plaintiff at the pleading stage, the Court finds Defendant's argument wholly

13

unpersuasive, and will not rely on it as a basis for granting Defendant's motion to dismiss.

Finally, regarding Plaintiff's allegation that various refrigerated merchandise is located out of reach from disabled individuals (*see* Am. Compl. ¶ 16), Defendant seems both to acknowledge that it is currently in violation of the ADA and to commit to taking action to rectify any such violations (*see* Def. Br. 7 (stating that Defendant "is going to remove beverages from [the] top two shelves of the cooler to make the cooler ADA complian[t]")). At best, the Court interprets this as Defendant seeking dismissal based on mootness. However, such a promise of future action, without more, is insufficient to moot an ADA claim. *See Rosa*, 175 F. Supp. 3d at 202 (finding that defendants' statement that they had begun the process of eliminating an ADA violation "consist[ed] largely of promises that [they] [would] fulfill in the future," and therefore could not moot plaintiff's ADA claim). Therefore, insofar as Defendant seeks to have Plaintiff's claim regarding the refrigerated merchandise dismissed as moot, Defendant's motion is denied.

In sum, Defendant has failed to offer any persuasive reason why the Court should dismiss the Amended Complaint. Plaintiff has pleaded violations of the ADA and Defendant has not shown any deficiencies in Plaintiff's pleadings. Accordingly, Defendant's motion to dismiss for failure to state a claim is denied.[7]

---

[7]     "The relevant portions of the NYSHRL are interpreted to be similar to those of the ADA." *Kreisler* v. *Second Ave. Diner Corp.*, No. 10 Civ. 7592 (RJS), 2012 WL 3961304, at *13 (S.D.N.Y. Sept. 11, 2012). Additionally, the NYCHRL is, if anything, broader in its protections than the ADA. *See id.* at *14 ("[C]ourts should view 'similarly worded provisions of federal and state civil rights laws as a floor below

**CONCLUSION**

For the reasons set forth in this Opinion, Defendant's motion to dismiss is DENIED.  The Clerk of Court is directed to terminate the motion at docket entry 40.  On or before **July 9, 2020**, Defendant shall file a responsive pleading.  On or before **July 16, 2020**, all the parties shall submit a proposed Case Management Plan, as well as the joint status letter contemplated by the Plan.

SO ORDERED.

Dated:      June 18, 2020
            New York, New York

                                        _____
                                        KATHERINE POLK FAILLA
                                        United States District Judge

---

which the City's human rights law cannot fall.'").  Therefore, given that Plaintiff's ADA claims survive dismissal, so do Plaintiff's NYSHRL and NYCHRL claims.